UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION
CASE NO. 0:20-CV- _____

SHIRLEY SLONE             PLAINTIFF

v.             **NOTICE OF REMOVAL**

WAL-MART STORES EAST, LIMITED             DEFENDANTS
PARTNERSHIP DBA: WAL-MART
SUPERCENTER #696 and BRADLEY
AKERS AS MANAGER OF WALMART
INC. #696

\* \* \* \* \*

Defendants, Wal-Mart Stores East, Limited Partnership DBA: Wal-Mart Supercenter #696 and Bradley Akers as Manager of Walmart Inc. #696 (hereinafter collectively referred to as "Wal-Mart"), by counsel, state as follows in support of its removal of this action:

1. There was an action commenced which is now pending in the Floyd Circuit Court, Civil Action No. 21-CI-00354, in which the above-named Shirley Slone is the Plaintiff and Wal-Mart Stores East, Limited Partnership and Bradley Akers are Defendants. (*See* Plaintiff's Complaint, attached as Exhibit 1).

2. Wal-Mart Stores East, Limited Partnership has a general partner, WSE Management, LLC, and a limited partner, WSE Investment, LLC, both of which are Delaware limited liability companies whose sole member is Wal-Mart Stores East, LLC. Wal-Mart Stores East, LLC is now and was at the time of the commencement of this action and at all times pertinent hereto, a wholly owned subsidiary of Walmart Inc. Walmart Inc. is the only member of Wal-Mart Stores East, LLC. Walmart Inc. is a corporation organized and incorporated under the laws of Delaware with its principal place of business located in Arkansas. For these reasons, Wal-Mart Stores East, Limited Partnership is now and was at the time of the commencement of

this action, and at all times pertinent hereto, a citizen of the states of Delaware and Arkansas and not a citizen of Kentucky.

3. Plaintiff, Shirley Slone, is now and was at the time of the commencement of this action, and at all times pertinent hereto, a citizen and resident of the Commonwealth of Kentucky, and not a citizen or resident of Delaware or Arkansas. (*See* Plaintiff's Complaint at ¶ 1).

4. Bradley Akers ("Akers") is a citizen and resident of the Commonwealth of Kentucky. However, as articulated in the attached Memorandum of Points and Authorities in Support of Removal, he was fraudulently joined to this case to defeat diversity of citizenship. (*See* attached Memorandum of Points and Authorities in Support of Notice of Removal).

5. This case arises from an incident that occurred at the Prestonsburg Walmart on July 3, 2020. Plaintiff, Shirley Slone ("Plaintiff"), sat on a store display and, subsequently, fell off it, onto the floor. Plaintiff sued Wal-Mart Stores East, Limited Partnership DBA: Wal-Mart Supercenter # 696 ("Walmart"), and Akers for compensatory damages as a result of the incident. Plaintiff alleges that Defendants, Walmart and Akers, owed Plaintiff a duty to protect her from harm or potential harm. (See Plaintiff's Complaint, at ¶ 11, attached as Exhibit 1). She alleges, among other things, that Defendants further owed a duty to protect Plaintiff from man-made, non-naturally occurring hazards. *Id.* at ¶ 12. Plaintiff alleges that Defendants breached these duties by instructing Plaintiff to sit on a store display that was not suitable for sitting or stable enough to support Plaintiff and, further, by failing to warn Plaintiff of potential harm. *Id.* at ¶ 13. Plaintiff alleges that she "suffered injuries as a result and Defendants' employees' actions were the direct and proximate cause of, and a substantial factor in, causing Plaintiff's injuries." *Id.* at ¶ 14.

6. As a result, Plaintiff seeks compensatory damages for past and future medical expenses, lost wages, permanent impairment of ability to earn money, past and future physical and mental pain and suffering, compensatory damages for any and all property damage, and consequential damages. (*See Complaint* Wherefore Paragraph, at 2-4.) Wal-Mart could not ascertain whether the amount in controversy exceeded the sum of $75,000, exclusive of interest and costs, based solely on Plaintiff's Complaint.

7. The amount in controversy exceeds $75,000 as required by 28 U.S.C. §1332(a). Wal-Mart submitted a request for admission that asked Plaintiff to: "Please admit that Plaintiff will not seek damages in excess of $75,000, exclusive of interest and costs, at the trial of this matter." Plaintiff's responded by stating, "Denied." (See Plaintiff's Response to Wal-Mart's Request for Admission, attached as Exhibit 2.) Based on the foregoing, Plaintiff has admitted that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. Bradley Akers executed an affidavit stating that he does not control and did not cause the conditions alleged in the Complaint. Akers was not even working on the day of the Plaintiff's incident.[1] (*See* attached Affidavit of Bradley Akers, attached as Exhibit 3). Therefore, under Kentucky law, he cannot be liable for a premises liability claim.

9. As there is no colorable basis for a premises liability claim against Akers, he was fraudulently joined to this case and should not be considered in the Court's determination on diversity of citizenship.

---

[1] Defendant, Bradley Akers, filed a motion for summary judgment to dismiss Plaintiff's claims against him. Defendant Akers noticed the Motion for June 17, 2022. (See Motion for Summary Judgment, attached as Exhibit 4). The Circuit Court passed the hearing on the Motion until July 15, 2022.

10. Thus, this action involves a controversy between citizens of different states, as the Plaintiff is a resident and citizen of Kentucky, Wal-Mart Stores East, Limited Partnership is a citizen of the states of Delaware and Arkansas.

11. Given the facts and circumstances set forth above, this constitutes an action which originally could have been brought before this Court pursuant to 28 U.S.C. §1332 and which may be removed by Defendants herein pursuant to 28 U.S.C. §1441.

12. The Eastern District of Kentucky is the proper judicial district for removal, as it embraces the place, Floyd County, where the action is currently pending. The Eastern Division at Pikeville is the proper division within the district pursuant to Local Rule 3.1(a)(2)(B) and 3.2(b).

13. Venue is proper under 28 U.S.C. §1441 because this Court is the United States District Court for the district and division corresponding to the place, Floyd County, where the action is pending.

14. This action is not an action described in 28 U.S.C. §1445.

15. Pursuant to 28 U.S.C. §1446(a) a copy of all process, pleadings, and order served upon Walmart and Akers in this action as of the date of the filing of this Notice of Removal is attached hereto, as Exhibit 5.

16. This Notice of Removal will be served on all adverse parties in accordance with 28 U.S.C. §1446.

17. A true and correct copy of this Notice of Removal will be filed with the clerk of the Floyd Circuit Court in accordance with 28 U.S.C. §1446.

WHEREFORE, Defendants, Wal-Mart Stores East, Limited Partnership DBA: Wal-Mart Supercenter #696 and Bradley Akers as Manager of Walmart Inc. #696, pray that they may

affect the removal of this action from the Floyd Circuit Court to this Court and for all other appropriate procedures.

        Respectfully submitted,

        */s/ Shaye Page Johnson*

        CHRISTOPHER R. CASHEN
        SHAYE PAGE JOHNSON
        Dinsmore & Shohl LLP
        100 West Main Street, Suite 900
        Lexington, KY 40507
        Telephone:  (859) 425-1000
        Facsimile:   (859) 425-1099

        *Counsel for Defendants, Wal-Mart Stores East, Limited Partnership and Bradley Akers*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of June, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, and a true and correct copy of the foregoing has been served upon the following, by U.S. Mail, on this the 29th day of June, 2022:

Jaryd H. Crum
Kirk Law Firm, P.L.L.C.
P.O. Box 339
Paintsville, KY 41240
*Counsel for Plaintiff*

        */s/ Shaye Page Johnson*

        Counsel for Defendants

25406432.1