UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE

CIVIL ACTION NO. 22-59-DLB

SHIRLEY SLONE                                                                                      PLAINTIFF


v.                                          MEMORANDUM ORDER


WAL-MART STORES EAST,
LIMITED PARTNERSHIP et al.                                                        DEFENDANTS

\*\*\*  \*\*\*  \*\*\*  \*\*\*  \*\*\*  \*\*\*

## I.      INTRODUCTION

This matter is before the Court on Plaintiff's Motion to Remand.  (Doc. # 5).  Plaintiff Shirley Slone initially filed suit in Floyd Circuit Court against Defendant Wal-Mart Stores East, Limited Partnership doing business as Wal-Mart Supercenter # 696 ("Wal-Mart") and Defendant Bradley Akers, the store manager of Supercenter # 696.  (Doc. # 1-1 at 1).  Defendants then removed the action to this Court.  (Doc. # 1).  Because Defendants have failed to meet their burden and establish that removal was proper, Plaintiff's Motion to Remand will be **granted**.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

This matter centers around a state law negligence claim involving a store patron falling off a sales display.  According to the Complaint, on July 3, 2020, Slone was shopping at Wal-Mart in Prestonsburg, Kentucky when she approached an employee to request a motorized scooter.  (Doc. # 1-1 ¶¶ 5-6).  The employee instructed Slone to sit on a sales display while she waited for the scooter, which she did, but Slone fell off the display and was injured.  (*Id.* ¶¶ 7-9).  Slone brings a negligence claim against Wal-Mart

under a *respondeat superior* theory of liability and directly against the store manager Bradley Akers. (*Id.* ¶¶16-17). Specifically, she alleges that she was a business invitee owed a duty by Defendants' employees to protect her from the injury she suffered. (*Id.* ¶¶ 11-14). Defendants removed this action under this Court's diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. (Doc. # 1 ¶¶ 6-7, 11). Slone's Motion to Remand asserts that Defendants' removal was improper because there is a lack of complete diversity of citizenship. (Doc. # 5-1 at 2-9). After Slone's Motion to Remand was filed, the Court ordered Defendants to file their Response and to address the issue of timeliness of removal. (Doc. # 6). In their Response, Defendants disagree that there is a lack of complete diversity of citizenship because Akers was fraudulently joined to the action solely to defeat diversity jurisdiction and that removal was timely. (Doc. # 7 at 3-13).

## III.   ANALYSIS

### A.   Diversity Jurisdiction

A defendant may remove a civil action brought in state court to a federal court embracing the place where such action is pending only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446. This Court has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" those who are "citizens of different states." *See* 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to attach, "all parties on one side of the litigation [must be] of a different citizenship from all parties to the other side of the litigation." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) (internal quotations omitted). The party

seeking removal bears the burden of establishing the right to removal. *Id.* at 493 (citations omitted).   The parties do not dispute that the amount in controversy has likely been met.[1] Instead, they focus on the diversity of citizenship requirement and whether Defendant Akers was fraudulently joined to intentionally obstruct diversity jurisdiction since he and Slone are both citizens of Kentucky.   As stated herein, the Court need not decide the issues of diversity and fraudulent joinder because removal here was untimely and therefore remand is appropriate on those grounds alone.

### 1.    Timeliness of Removal

The guiding principle in this Court's review is that the removal statute "should be strictly construed and all doubts resolved in favor of remand."  *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006) (internal quotations and citations omitted).  For removal to be timely, the defendant must file a notice of removal within thirty days after receipt of the initial pleading.  28 U.S.C. § 1446(b)(1).  In the Sixth Circuit, it is clear that § 1446 requires the defendant to have "removed the matter . . . within thirty-days after a fair reading of the complaint would have indicated that the minimum jurisdictional amount for removal existed."  *Warren v. Sheba Logistics, LLC*, No. 1:15-cv-148, 2016 WL 1057322 at *1 (W.D. Ky. March 14, 2016) (citing *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)).

However, § 1446 also offers the practical consideration that initial pleadings do not always establish that a matter is removable; if that is the case, "a notice of removal may

---

[1]      Defendants point to their Requests for Admission in which they ask Slone to admit that she will not seek damages in excess of $75,000, exclusive of interest and costs to which Slone replied with a denial.  (Doc. # 1 at 3) (citing Doc # 1-2 at 3).  In her Motion to Remand, Slone does not mention the amount in controversy.  (Doc. # 5-1 at 2-8).  Therefore, Slone has implicitly agreed that the amount in controversy likely exceeds $75,000 exclusive of interest and costs.

be filed within thirty days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Defendants bear "the burden of demonstrating strict compliance with the statutory procedural requirements, including the timing directives outlined in § 1446."  *Sizemore v. Auto-Owners Ins. Co.*, 457 F. Supp. 3d 585, 589 (E.D. Ky. April 29, 2020); *see also May v. Johnson Controls Inc.*, 440 F. Supp. 2d 879, 882 (W.D. Tenn. July 31, 2006).  "The strict time requirement for removal in civil cases is not jurisdictional; rather, it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness defect has not been waived."  *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993) (internal quotations and citations omitted).  This Court "has broad discretion in deciding whether a plaintiff has waived a right to object to procedural irregularities in removal proceedings."  *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 905 (6th Cir. 1988) (citations omitted).

Defendants argue that removal was timely because they removed the matter less than one month after Defendant Akers filed an affidavit stating that he did not work on the day of Slone's fall, did not build the store display, or have anything to do with the floor display on which Slone sat before her fall.  (Doc. # 7 at 13).  Defendants posit that once they knew that information, it was clear that Akers had been fraudulently joined and the case could properly be removed.  (*Id.*).  The Court disagrees with this rationale for several reasons.

First, the Court reiterates the backdrop of its review — that any doubts are resolved in favor of remand.  *Eastman*, 438 F.3d at 550.  Here, there is hardly much doubt that remand is appropriate.  Defendants premise their timely removal upon their own affidavit.

However, "28 U.S.C. § 1446(b)(3) is clear that some document must be *received* before filing a Notice of Removal.  The definition of 'other paper' is broad and may include any formal or informal communication *received* by a defendant."  *Hiser v. Seay*, No. 5:14-CV-170, 2014 WL 6885433, at *3 (W.D. Ky. Dec. 5, 2014) (internal quotations omitted) (emphasis added).  Obviously, Defendants did not receive their own affidavit.  They produced and filed it; therefore, the alleged facts underlying the affidavit were already known to Defendants.  Furthermore, "[d]ocuments qualifying as 'other paper' trigger the time period for removal when they result from 'a voluntary act of *plaintiff*' and make it clear that federal jurisdiction exists."  *Id.* (internal quotations omitted) (emphasis added).  Here, there was no affirmative act by Slone; instead, Defendants acted affirmatively to file an affidavit denying Akers' involvement in the fall and then removed on that basis.  While *Hiser* is not binding on this Court, its reasoning is extremely persuasive because it resonates with common-sense: if defendants can file their own document justifying removal, then they can wait until any point in a proceeding to do so, which completely undermines the purpose of having a timeliness requirement.

Indeed, the rationale behind the timeliness requirement for removal further justifies this Court's decision and exposes the incongruity of Defendants' argument.  The time limitation on removal has two primary justifications.  "First it precludes a defendant from adopting a 'wait and see' approach in the state court," by preventing the defendant from taking "a second bite at the jurisdictional apple if a defendant (belatedly) perceives that the case is proceeding other than to his liking."  *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994) (internal quotations and citations omitted).  Second, "the time limit minimizes the delay and waste of resources involved in starting a case over in federal

court after substantial proceedings have taken place in state court."  *Id.*

This matter was initiated on July 2, 2021 in Floyd Circuit Court.  (Doc. # 1-5 at 1). Based on the state court record attached to the Notice of Removal, the proceedings have undergone discovery (Doc. # 1-5 at 26-47); a Wal-Mart employee had been deposed (*id.* at 100), and a hearing had been scheduled on a fully briefed Motion for Summary Judgment (*id.* at 48).  Accordingly, Defendants had ample time to "wait and see," which they seemingly did in this case.  While the removal was within the one year window in 28 U.S.C. § 1446(c)(1), the Court cannot disregard the purposes of the timeliness requirement in its analysis and Defendants' contrary actions, especially given that the removal statute "should be strictly construed and all doubts resolved in favor of remand." *Eastman*, 438 F.3d at 550 (internal quotations and citations omitted).

Ultimately, Defendants cannot manufacture their own "other paper" to justify their unilateral decision to remove a case to federal court.  This proceeding has progressed significantly in state court and there it will return.

## IV.   CONCLUSION

Having considered the parties' arguments and the applicable law, Defendants untimely removed this action from Floyd Circuit Court.  Accordingly,

**IT IS ORDERED** that

(1)   Plaintiff's Motion to Remand (Doc. # 5) is **GRANTED** and this matter is remanded to the Floyd Circuit Court;

(2)   Defendants' Motion for Summary Judgment filed in state court prior to removal (Doc. # 1) is left to the sound discretion of the Floyd Circuit Court Judge; and

(3)   This matter is **STRICKEN** from the Court's active docket.

This 2nd day of December, 2022.



Signed By:

*David L. Bunning*

United States District Judge

K:\DATA\ORDERS\PikeCivil\2022\22-59 Order Granting Remand.docx